TRIDENT MARINE MANAGERS,
INC., Plaintiff,

v.

M/V SERIAL # CEBRF0661586, et
al., Defendants.

Civ. A. No. H–86–3723.

United States District Court,
S.D. Texas,
Houston Division.

July 2, 1987.

John K. Meyer, Hinds, Meyer, Billings & Solomon, Houston, Tex., for plaintiff.

Deanna H. Brewer, Brown, Smith, Wise & White, Houston, Tex., for defendants.

## ORDER

NORMAN W. BLACK, District Judge.

Plaintiff Trident Marine Managers, Inc. ("Trident") has filed this action *in rem* against two unnamed pleasure craft, claiming a maritime lien, pursuant to 46 U.S.C. § 971, for unpaid insurance premiums. The two boats were part of the inventory of Southwest Marine Sales ("Southwest"), which purchased insurance on its property from Trident. When Southwest closed its business, it surrendered to ITT Commercial Finance Corporation ("ITT") its boat inventory and all other property and fixtures in which ITT had a security interest pursuant to a wholesale financing agreement between ITT and Southwest. Southwest is not a party to this action. ITT has appeared as claimant of the two seized pleasure craft.

Trident claims that it has a maritime lien because it insured the boats under the terms of a boat dealer's form attachment to the insurance policy that it issued to Southwest. The boat dealer's policy provides that "this policy insures stock for sale...." ITT has filed a motion to dismiss, asserting: (1) that this Court lacks jurisdiction in admiralty because the boats were not "vessels," and (2) that Trident has failed to state a claim for which relief can be granted, pursuant to Rule 12(b)(6), Fed. R.Civ.P. Trident has filed its own motion

for default judgment, summary judgment, and ranking of claims. Both sides have filed affidavits and documents in support of their positions. Two issues control disposition of this case. The Court first will address the question of admiralty jurisdiction. Then the Court will address the question of whether Trident can assert a maritime lien on the facts of this case, considering both Trident's motion for summary judgment and ITT's 12(b)(6) motion, construed as a motion for summary judgment because of the extensive evidence attached to it. It is the opinion of the Court that Claimant ITT prevails on both issues, for the reasons discussed below.

The center of controversy in this case is the opinion of the Fifth Circuit Court of Appeals in *Equilease Corp. v. M/V Sampson*, 793 F.2d 598 (5th Cir.1986). In that opinion, the *en banc* court of appeals overruled almost 100 years of maritime law and held that "because insurance is essential to keep a vessel in commerce, insurance is a 'necessary' under 46 U.S.C. § 971 and unpaid insurance premiums to give rise to a maritime lien under the FMLA." *Id.* at 604. In doing so, the Fifth Circuit recognized the modern commercial reality that every vessel, even one at dock, needs insurance to carry on its normal business. Trident asks this Court to extend the holding in *Equilease* to Southwest's property insurance on its inventory which included the two seized pleasure craft.

■ First, this Court agrees with ITT that the pleasure craft herein are not "vessels" within the meaning of the Federal Maritime Lien Act, 46 U.S.C. § 971 *et seq.* The evidence is undisputed that neither of the boats have been launched in the water. They were transported across land from the manufacturer to Southwest's premises in an unfinished condition, and were never finished so as to be capable of launch at any time during which they were in Southwest's control.

The statutory definition of a vessel is a broad one, and includes any water craft capable of being used as a means of transportation on water. 1 U.S.C. § 3. While this circuit traditionally has given a liberal

construction to the language of the statute, *see Pleason v. Gulfport Ship Building Corp.*, 221 F.2d 621 (5th Cir.1955), Trident has cited to the Court no case in which the term "vessel" has been applied to a boat that is unfinished and incapable of being navigated on water, and that is sitting as inventory within a business establishment. The Court agrees with ITT that the boats Trident seized are not "vessels." This Court therefore lacks maritime jurisdiction over an *in rem* action against them.

■ Second, even if the two pleasure craft were vessels, Trident still has failed to assert a valid maritime lien. *Equilease* recognizes that a vessel owner must have insurance on its vessels so that the vessels may operate in modern-day commerce. The Fifth Circuit recognized that insurance on a vessel benefits the vessel itself, and should be considered a "necessary" under 46 U.S.C. § 971 for purposes of creation of a maritime lien. The insurance policy that Southwest purchased from Trident was nothing more than a business's general liability policy with a boat dealer's rider. As quoted above, the policy expressly provided that it was to insure stock for sale. The policy was purchased to protect the dealer, Southwest, and its finance company, ITT. The policy did not insure the boats in Southwest's inventory for use as pleasure craft. This Court is of the opinion that the Fifth Circuit's holding in *Equilease* does not extend to the facts of this case. ITT is correct in its assertion that Trident's policy is not a maritime insurance policy, and that it does not give rise to a maritime lien against the pleasure craft. ITT is entitled to judgment as a matter of law.

ITT also has asked that this Court impose sanctions pursuant to Rule 11, Fed.R. Civ.P. Because the question of law herein is a close one, and because it does not appear that Trident filed this action for any improper purpose, this Court is of the opinion that sanctions are not appropriate. Therefore, it is

ORDERED that ITT's motion to dismiss, construed as a motion for summary judgment is GRANTED. It is further

ORDERED that all other motions herein being MOOT, they are DENIED.

IT IS SO ORDERED.